IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION


MARYLAND ELECTRICAL INDUSTRY          *
HEALTH FUND, *et al.*,
                                      *
          Plaintiffs,
                                      *
          v.                                  CIVIL NO.: WDQ-14-3849
                                      *
MASTERS ELECTRIC, INC.,
                                      *
          Defendant.

*       *       *       *       *       *       *       *       *       *       *       *       *

MEMORANDUM OPINION

   Maryland Electrical Industry Health Fund and others[1]

(collectively, "the Plaintiffs") sued Masters Electric, Inc.

("Masters") under the Employment Retirement Income Security Act

of 1974[2] ("ERISA").  Pending are Masters's motion to dismiss and

its motion to strike the Funds' Rule 56(d) affidavit.  No

hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2014).  For

the following reasons, the motions will be denied.

---

[1] The other plaintiffs are Maryland Electrical Industry Pension
Fund, Maryland Electrical Industry Severance & Annuity Fund,
Maryland Electrical Industry Joint Apprenticeship and Training
Committee, National Electrical Benefit Fund, National Labor
Management Cooperation Committee, and Maryland Electrical
Industry Labor Management Cooperation Committee.

[2] 29 U.S.C. § 1001, *et seq*.

I.    Background[2]

Five of the seven plaintiffs are multiemployer employee benefit plans associated with the electrical industry.  The remaining plaintiffs are labor organizations.  ECF No. 1 at 3-5.

On February 17, 2012, the Plaintiffs sued MESCO, Inc. ("MESCO") and Michael E. Sewell and Associates, Inc. ("Sewell") for ERISA violations.  *Md. Elec. Indus. Health Fund v. MESCO, Inc.*, No. ELH-12-505, Dkt. No. 1 (D. Md. Feb. 17, 2012).  "MESCO is a Maryland corporation engaged in the electrical contracting and construction business.  Sewell, also a Maryland corporation engaged in the electrical trade, dissolved on December 28, 2011, shortly before suit was filed in th[e] case." *Md. Elec. Indus. Health Fund v. MESCO, Inc.*, No. ELH-12-505, 2014 WL 853237, at *2 (D. Md. Feb. 28, 2014).  The Plaintiffs alleged that MESCO and Sewell had violated a collective bargaining agreement by failing to contribute to the employee benefit plans, and that Sewell was an alter ego of MESCO.  *See Md. Elec. Indus. Health Fund v. MESCO, Inc.*, No. ELH-12-505, Dkt. No. 1 (D. Md. Feb. 17, 2012).

---

[2] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true.  *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).  The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

On February 7, 2013, near the end of discovery, the
Plaintiffs moved to amend their complaint to add Masters as a
defendant in the suit.  *See Md. Elec. Indus. Health Fund v.*
*MESCO, Inc.*, No. ELH-12-505, Dkt. No. 24 (D. Md. Feb. 7, 2013).
Masters is a Maryland corporation in the electrical and
construction industries owned by James W. Conkel, Jr.  ECF No. 1
at 6, 11.  In their motion in the prior case, the Plaintiffs
alleged that they had learned on January 17, 2013, at Conkel's
deposition, that Masters was an alter ego of Sewell and MESCO.
*See Md. Elec. Indus. Health Fund v. MESCO, Inc.*, No. ELH-12-505,
Dkt. No. 24 at 1-4 (D. Md. Feb. 7, 2013).

On April 19, 2013, Judge Ellen L. Hollander held a
telephone conference with the parties.  *See Md. Elec. Indus.*
*Health Fund v. MESCO, Inc.*, No. ELH-12-505, Dkt. No. 33 (D. Md.
Feb. 7, 2013).  After the conference, Judge Hollander denied
Plaintiffs' motion for leave to amend "[f]or the reasons stated
during the [conference]."[3]  *Id.*  On February 28, 2014, Judge
Hollander granted summary judgment for the Plaintiffs, finding
that MESCO and Sewell were alter egos and had violated ERISA.
*See Md. Elec. Indus. Health Fund v. MESCO, Inc.*, No. ELH-12-505,
2014 WL 853237, at *6-12 (D. Md. Feb. 28, 2014).  Judge

---

[3] In their current oppositions, the Plaintiffs assert that Judge
Hollander denied the motion because the time to join parties had
expired, discovery was closing, and the best solution would be a
new suit against Masters.  *See* ECF No. 6 at 2; ECF No. 6-1 at 2.

Hollander awarded the Plaintiffs damages of $435,615.98. *Id.* at 17.

On December 10, 2014, the Plaintiffs sued Masters, seeking a declaratory judgment that Masters is an alter ego of Sewell and MESCO. ECF No. 1. The Plaintiffs provided the following facts in support of Masters's alter ego status. First, the business address of Sewell and Associates and MESCO was 806 Philadelphia Road, Joppa, Maryland 21085; the business address of Masters is also 806 Philadelphia Road, Joppa, Maryland 21085. ECF No. 1 at 11. Second, "[t]he sole director and resident agent of Masters is James W. Conkel, Jr. Mr. Conkel is or was the Vice President of MESCO". *Id.* Third, "Masters performs electrical work. Sewell and Associates and MESCO perform or performed electrical work." *Id.* Fourth, "Masters operates at 806 Philadelphia Road, Joppa, Maryland 21085. MESCO and Sewell and Associates operate or operated at 806 Philadelphia Road, Joppa, Maryland 21085." *Id.* Fifth, "Masters has no lease with Michael E. Sewell, the owner of 806 Philadelphia Road Joppa, Maryland 21085 and does not pay rent on a regular basis or at a market rate." *Id.* Sixth, "Masters employs or subcontracts eight individuals. Of those eight individuals, seven were or are employed by MESCO and/or Sewell and Associates." *Id.* Finally, "Sewell and Associates made insurance payments on

behalf of Masters or reimbursed Mr. Conkel for payment of insurance benefiting or held by Masters." *Id.*

On March 1, 2015, Masters moved to dismiss the complaint or, in the alternative, for summary judgment. ECF No. 4. On March 17, 2015, the Plaintiffs opposed the motion. ECF No. 6. As part of their opposition, the Plaintiffs argued that summary judgment was premature without discovery and attached a Rule 56(d) affidavit. *See* ECF No. 6-1. On March 24, 2015, Masters moved to strike the affidavit and replied to the motion to dismiss. ECF Nos. 8-9. On April 2, 2015, the Plaintiffs opposed the motion to strike. ECF No. 10. On April 10, 2015, Masters replied. ECF No. 11.

## II. Analysis

### A. Motion to Dismiss vs. Motion for Summary Judgment and Masters's Motion to Strike

The Fourth Circuit cautions courts that converting a motion to dismiss into a motion for summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011); *see also Gay v. Wall*, 761 F.2d 175, 178 (4th Cir.1985) ("Because Gay was not afforded an opportunity for reasonable discovery, the district court's treatment of the motion to dismiss as a motion for summary judgment was an abuse of discretion.").

Further, Rule 56(d) requires the district court to deny summary judgment, when the non-movant "has not had the opportunity to discover information that is essential to his opposition." *Works v. Colvin*, 519 F. App'x 176, 181-82 (4th Cir. 2013) (*quoting* Fed. R. Civ. P. 56(d)) (internal quotation marks omitted).  The nonmovant must show through affidavits that he cannot yet properly oppose a motion for summary judgment. Fed. R. Civ. P. 56(d); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996).  The Fourth Circuit "place[s] great weight on the Rule 56[d] affidavit." *Evans*, 80 F.3d at 961.  "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56[d] in good faith and to afford the trial court the showing necessary to assess the merits of a party's opposition."  *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quotation marks omitted).

"A Rule 56[d] affidavit that conclusorily states that discovery is required is insufficient; the affidavit must specify the reasons the party is unable to present the necessary facts and describe with particularity the evidence that the party seeks to obtain." *Radi v. Sebelius*, 434 F. App'x 177, 178 (4th Cir. 2011) (*citing Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)).  A Rule 56(d) motion for additional discovery is properly denied when the discovery sought would not create a

genuine issue of material fact sufficient to defeat summary
judgment. *See Strag v. Bd. Of Trustees, Craven Cmty. College*,
55 F.3d 943, 954 (4th Cir. 1995). However, because the rule "is
intended as a safeguard against a premature grant of summary
judgment[,] [courts] should construe the rule liberally[.]"
*Works*, 519 F. App'x at 182 (internal quotations omitted); *accord*
*Harrods*, 302 F.3d at 245 n. 18 (citing with approval sources
applying the rule liberally).

In this case, Masters argues that summary judgment is
proper because the "Plaintiffs have been pursuing this matter
and ha[ve] sought discovery regarding Masters['s] relationship
with MESCO for more than two years." ECF No. 4-1 at 10.
However, Masters draws the most extreme conclusion available
from the facts. Although the deposition of Conkel occurred over
two years ago, nothing in the record shows that any other
discovery has been taken in the intervening time. Moreover, the
deposition of Conkel was primarily focused on the relationship
between MESCO and Sewell, not the relationship of Masters.
After the deposition, the Plaintiffs sought to add Masters as a
party and initiate discovery into its relationship, but Judge
Hollander denied the motion. Thus, other than a few comments by
Conkel made during his prior deposition, there is no evidence
that any discovery has occurred in this matter.

7

In its motion to strike, Masters argues that the Court should not consider the Plaintiffs' 56(d) application because it contains hearsay; namely, Judge Hollander's alleged comment that the Plaintiffs should file a separate suit against Masters. *See* ECF No. 11 at 1. However, it is apparent that Judge Hollander's alleged comment was offered by the Plaintiffs to explain their subsequent actions.

Even if Judge Hollander's comments during the telephone conference were considered hearsay, it would not affect the Court's decision to construe Masters's motion as a motion to dismiss. First, Masters has cited no case holding that Rule 56(c)(4)'s standards apply to a Rule 56(d) affidavit. *See also Lain v. Erickson*, WDQ-11-2726, 2013 WL 6490263, at *6-7, n. 19 (D. Md. Dec. 9, 2013) (finding that a Rule 56(d) affidavit could contain hearsay because "[t]he affidavit need not establish the admissibility of that undiscovered evidence."). Second, Masters has shown no reason to strike the entire affidavit because of a single hearsay comment. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996). Finally, based on the lack of discovery and facts in this case, the Court would have declined to exercise its discretion to convert Masters's

motion to a motion for summary judgment without the 56(d) affidavit.[4]

Accordingly, the Court will construe Masters's motion as a motion to dismiss and deny the motion to strike the affidavit.

B. Masters's Motion to Dismiss

1. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action can be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to

---

[4] A Rule 56(d) affidavit is only necessary when a party moves for summary judgment, and the other party believes more discovery is needed. In this case, Masters moved to dismiss or, in the alternative, for summary judgment. Thus, how the Court construes the motion is within its discretion.

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

  2. The Plaintiffs' Alter Ego Allegations

  The Plaintiffs assert that Masters is jointly and severally liable for the judgment against MESCO and Sewell as an alter ego or parallel corporation. ECF No. 1 at 11. "Alter ego analysis applies to traditional labor law disputes and to claims involving employee benefit funds brought under ERISA." *Md. Elec. Indus. Health Fund v. Kodiak Utility Constr., Inc.*, 289 F. Supp. 2d 698, 701-02 (D. Md. 2003). The doctrine was created to "prevent employers from evading their obligations under labor laws and collective bargaining agreements through the device of

making a mere technical change in the structure or identity of the employing entity . . . without any substantial change in its ownership or management." *Mass. Carpenters Cent. Collection Agency v. Belmont Concrete Corp.,* 139 F.3d 304, 307-08 (1st Cir. 1998) (quotation omitted).

In *Alkire v. NLRB*, 716 F.2d 1014, 1019-20 (4th Cir. 1983), the Fourth Circuit considered an alter ego case on summary judgment and recognized that courts had "set out no minimum criteria for applying the doctrine." Therefore, the *Alkire* court created a two-part test to determine whether two corporations are alter egos. *Id.* First, the court must determine "whether substantially the same entity controls both the old and new employer." *Id.* at 1020; *see also Md. Elec. Ind. Health Fund,* 289 F.Supp.2d at 702. In determining whether the same entity controls both corporations, courts should consider a variety of factors, including: "continuity of ownership, similarity of the two companies in relation to management, business purpose, operation, equipment, customers, supervision, and anti-union animus."[5] *Id.* (quoting *Mass. Carpenters Cent.*

_____

[5] Similarly courts have also considered companies a "single employer" rather than an alter ego based on common ownership, interrelation of operations, common management, and centralized control of labor relations. *Vance v. Nat'l Labor Relations Bd.,* 71 F.3d 486, 490 (4th Cir. 1995). "The ultimate question in determining alter ego status is 'whether a successor corporation is really the predecessor corporation by another name,' *Maryland Elec. Indus. Health Fund,* 289 F.Supp.2d at 702, and the ultimate

*Collection Agency,* 139 F.3d at 308 (internal quotation marks omitted)); *Trustees of the Heating, Piping and Refrigeration Pension Fund v. Eng'g Contractors, Inc.,* 2011 WL 4711925, at *2 (D. Md. 2011). No single factor is determinative. *See Trustees of Nat. Automatic Sprinkler Indus. Pension Fund v. Budget Plumbing Corp.,* 111 F. Supp. 2d 716, 719-20 (D. Md. 2000).

If the two entities are substantially the same, then, under the second step of the Fourth Circuit's test, a court must determine whether changing the corporate form provided "expected or reasonably foreseeable benefit to the old employer related to the elimination of its labor obligations." *Alkire,* 716 F.2d at 1020. Masters argues that the Court should dismiss the complaint because the Plaintiffs have failed to carry their burden under the *Alkire* test. *See* ECF No. 4-1 at 6-9.

It is apparent that the alter ego test is fact intensive, and such analysis is usually inappropriate on a motion to dismiss. *Cf. Tasciyan v. Med. Numbers,* 820 F. Supp. 2d 664, 672 (D. Md. 2011) (noting that the integrated employer test for piercing the corporate veil requires such a fact-intensive inquire that "it is ordinarily inappropriate for courts to apply the integrated employer test at the motion to dismiss stage").

---

question in determining single employer status is whether the two entities are in an 'arm's length' relationship, *Vance,*71 F.3d at 490." *Trustees of the Heating, Piping and Refrigeration Pension Fund v. Conditioned Air Systems, Inc.,* 2014 WL 1290639, at *3 (D. Md. Mar. 28, 2014).

Moreover, all the cases on which Masters relies were decided on summary judgment not on motions to dismiss.  Masters has not provided, and the Court has not found, any case applying *Alkire* to a motion to dismiss.

Similar to Masters's attempts to apply the alter ego test to a motion to dismiss, in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 515 (2002), the Supreme Court examined the application of the *McDonnell Douglas* test in employment discrimination cases to a motion to dismiss.  The Court held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss," because "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement."  Applying *McDonnell Douglas* to Rule 12(b)(6) motions would establish a "heightened pleading standard" contravening Rule 8(a)(2).  *Id.* at 512.  Following *Swierkiewicz*, the Fourth Circuit has held that an employment discrimination plaintiff need only plead a plausible claim under *Twombley* rather than establish a prima facie case under *McDonnell Douglas*.  *McCleary-Evans v. Md. Dept. of Transp.*, 780 F.3d 582, 583-85 (4th Cir. 2015).

Based on the reasoning in *Swierkiewicz* and *McCleary-Evans*, the Court finds that a plaintiff need not plead all facets or factors of the *Alkire* analysis to survive a motion to dismiss.

Instead, a plaintiff need only state a plausible claim for alter ego status.[6]

In *Rasco v. Pegasus & Sons Masonry Co.*, 2015 WL 3833737, at * 2-3 (D. Mass. June 22, 2015), the court held that the plaintiff's alter ego allegations in the "complaint [were] sufficient to 'nudge[] their claims across the line from conceivable to plausible.'" (quoting *Twombly,* 550 U.S. at 569). The plaintiff in *Rasco* alleged that the two companies shared the same place of business, performed the same type of contracting business, and were owned and managed by the same person. *Id.*[7]

Here, the Plaintiffs allege that Masters has the same business address and operates from the same location as Sewell and MESCO, that Conkel was the Vice President of MESCO, that the companies all engage in the same type of work, that Masters employees a disproportionate number of MESCO's and Sewell's employees, and that Sewell has made payments on Masters's behalf or provided Masters benefits without adequate consideration.

---

[6] Even if the Court were to apply the *Alkire* framework, the complaint provides facts on which relief can be granted under both prongs of the test. *See infra.*

[7] *See also Trustees of Sheet Metal Workers Local No. 1 Welfare Trust v. Pekin Climate Control*, 669 F. Supp. 2d 924, 926-27, 931-32 (C.D. Ill. 2009) (plaintiffs' allegation were "minimally sufficient" to survive a motion to dismiss when the plaintiffs received an ERISA judgment against a prior company, the owners dissolved the company, transferred its assets to a new company for inadequate consideration, and the new company conducted substantially the same business, in the same business location, with the old company's management and employees).

14

*See* ECF No. 1 at 11.   The only difference between the complaint in this case and the one in *Rasco*, is that the Plaintiffs have not pled that MESCO, Sewell, and Masters have the same owner. However, having the same owner is not determinative; instead, facts may show that the same individual or entity *controlled* all three companies.   *See NLRB v. Kodial Elec. Co.*, 70 Fed. App'x 664, 667-68 (4th Cir. 2003).   The Plaintiffs have provided allegations that Sewell and MESCO had some control over or hand in Masters's operation, and it can be reasonably inferred from the complaint that Masters was created to avoid MESCO's and Sewell's obligations under the collective bargaining agreement. Accordingly, the Court will deny the motion to dismiss.

III. Conclusion

For the reasons stated above, the Court will deny the motion to dismiss and the motion to strike.

_____
Date

_____
William D. Quarles, Jr.
United States District Judge

15